LOUISE MEYER, Respondent, v. ELIJAH F. STONE, Appellant.

St. Louis Court of Appeals, April 1, 1890.

1. **Practice, Appellate:** WEIGHING THE EVIDENCE. If a verdict is supported by substantial evidence, it will not, on appeal, be disturbed on the ground that it is against the weight of the evidence.

2. ———: ERRORS ASSIGNED BY THE APPELLEE. When there is no cross-appeal, the appellee is not in a position to complain of the judgment appealed from.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Stone & Slevin,* for the appellant.

( 1 ) Where the verdict is manifestly against the evidence and instructions, the supreme court will interfere and reverse the judgment. *Ackley v. Stacklin*, 56 Mo. 558; *Dodo v. White*, 50 Mo. 241; Graham & W. on New Trials, 1311. ( 2 ) There was no evidence to support the verdict of the jury, and a new trial should have been granted. ( 3 ) The instruction asked by the defendant should have been given. ( 4 ) The plaintiff's attorney waived the right to service of notice of the appeal taken from the judgment of the justice.

*McDonough v. Daly*, 3 Mo. App. 606; *Wolff v. Light Co.*, 70 Mo. 182. And, if there was any defect in this respect, it was waived by the plaintiff's appearance in the circuit court. *Deatley v. Potter*, 29 Mo. App. 222; *Page v. Railroad*, 61 Mo. 78.

*C. M. Napton*, for the respondent.

The testimony of the plaintiff and her daughter establishes a *prima facie* case, and, that being done, this court will not weigh the evidence. The instruction asked by the defendant was properly refused. It singles out particular facts; it is argumentative and comments on the evidence; it does not cover the entire case; and it is not predicated on the evidence. The plaintiff's motion in the circuit court to affirm the judgment of the justice of the peace should have been sustained. The service of the notice of the appeal was made on the plaintiff's attorney, and that is insufficient. The right of the plaintiff to urge this objection was not waived by the attorney's acknowledgment of the service made on him. The only thing, which was thereby waived, was the necessity for a return of that service. *Fuller v. McClure*, 25 Mo. App. 418; *Jordan v. Bowman*, 28 Mo. App. 610.

BIGGS, J., delivered the opinion of the court.

In this case there was a judgment for plaintiff for one hundred and twenty-five dollars, and if the verdict of the jury, on which the judgment was entered, is supported by any substantial evidence, then the judgment must be affirmed. The record presents no other question.

It appears that the defendant, who is an attorney at law, represented the plaintiff in the collection of a claim in her favor against the "United Order of Honor." The claim was for three thousand dollars, and was based on a certificate of insurance issued on

the life of plaintiff's deceased husband.   In the present action the plaintiff sued the defendant for one hundred and seventy-five dollars, which she claimed had been collected by defendant from the insurance company. The defendant admitted that he had collected the money, but claimed that, under his contract with plaintiff, he had a right to retain it as part of his compensation.   The plaintiff denied this, and the issue thus presented involved simply an inquiry as to the contract between plaintiff and defendant in respect of the latter's fees.

We may in the first place suggest that it is entirely immaterial, whether or not the parties in the beginning made a contract in reference to the amount of compensation which the defendant was to receive for collecting the claim against the insurance company, for the reason that such contract (if made) was subsequently set aside and an entirely new agreement substituted.   The testimony of both parties justifies this conclusion.   We will, therefore, not incumber this opinion with a discussion of the differences between the parties touching the original contract, if any such contract was actually made.

It appears from the record that some time after the claim had been placed with the defendant for collection, and after he had made a trip to Indianapolis to see the general officers of the insurance company in reference to its payment, the plaintiff concluded that she would employ another attorney and so informed the defendant.   Thereupon the defendant offered to withdraw from the case, but to this the plaintiff would not consent.   The defendant then demanded that a definite contract be made as to his compensation.   The defendant's evidence tended strongly to show that it was then agreed that he should be paid three hundred dollars for his services, and that his compensation was not made to depend upon any contingency.   On the other hand, we think that the plaintiff's evidence had some tendency

to show that the defendant was to receive three hundred dollars in the event that the entire amount of the claim was collected.

It appears from the record that the plaintiff is a German woman, who speaks the English language very imperfectly; hence, we must rely chiefly on her daughter's testimony for her version or understanding of the contract. Before going into an examination of plaintiff's evidence touching the contract, it will be necessary, to a proper understanding of it, to state that soon after the contract had been made with defendant touching his fees, an understanding was arrived at with the insurance company. It was agreed that the plaintiff should receive the amount of one assessment against the members of the order, which in amount should be not less than twenty-five hundred dollars and not more than three thousand dollars. The money was to be paid in monthly payments of two hundred and fifty dollars. The company paid in cash on this settlement two hundred and fifty dollars, and subsequently paid three installments of two hundred and fifty dollars each; then it became insolvent. Nothing more was realized on the claim. The defendant collected the three installments, and he reserved from each the sum of seventy-five dollars on account of his fee. The defendant's evidence tended to prove that, at the time the claim was adjusted, it was agreed that he should deduct from each payment the sum of seventy-five dollars, until he had received the amount of his fee.

As before stated, but little information can be gotten from the plaintiff's own evidence. Her testimony as preserved in the record is quite unintelligible, and she evidently did not comprehend fully the questions propounded to her. Concerning the last contract we extract the following:

"*Q.* But wasn't Stone to receive three hundred dollars for his pay? Do you understand my question? *A.* I can't understand it very well.

"*Q.* The question is this: Didn't you tell Mr. Stone that he could have three hundred dollars for his fee? *A.* If he collected the full amount.

"*Q.* What full amount? Twenty-five hundred or three thousand dollars? *A.* Three thousand dollars.

"*Q.* Didn't you make an arrangement with the benevolent association by which you agreed to receive twenty-five hundred dollars in full on your claim against it? *A.* I can't remember."

Minnie Meyers, the plaintiff's daughter, was present during the negotiations between the defendant and her mother, and her testimony concerning the defendant's contract for fees was as follows:

"*Q.* Wasn't there a contract made between your mother and Mr. Stone at his office on Broadway and Olive, subsequent to the date of this instrument which has been shown here, by which Mr. Stone was to receive three hundred dollars in full for his services? *A.* Not a written contract.

"*Q.* Was there a verbal contract made at that time? *A.* If my mother was to receive the full insurance, the full amount of the insurance?

"*Q.* If your mother was to receive the full amount of the insurance? *A.* Yes, sir.

"*Q.* And Mr. Stone was not to receive his fee, unless there was collected the full amount of the insurance? *A.* Yes, sir."

The witness admitted that, at the time of the settlement with the company, her mother consented that the defendant should retain from each monthly installment the sum of seventy-five dollars, until he had received the amount of his fee.

That the defendant established by a preponderance of evidence that he was to receive absolutely three hundred dollars, we may concede, yet it is not necessary to remind counsel that this court has nothing to do with the weight of evidence. On the hearing the triers of the fact decided against the defendant on this question,

and the only question for us is, does the verdict find any support in the evidence. The evident theory adopted by the jury was that the defendant was to receive three hundred dollars for his services, provided the whole amount of the claim was collected, and if only a portion of the debt was realized, then he was to be paid in proportion to the amount actually collected. We are of opinion that this view is fairly inferable from the plaintiff's evidence, and in aid it may be said that it is quite equitable. At all events, we would not be justified in holding that the statements made by plaintiff and her daughter do not furnish substantial evidence in support of the judgment. It is true, as contended by the defendant, that the plaintiff agreed at the time the adjustment was made with the insurance company that he might retain seventy-five dollars out of the monthly installments, until he had collected his fee of three hundred dollars ; but this arrangement may have been, and doubtless was, acceded to by the plaintiff on the assumption that the company would pay the full amount of the claim. There was collected only one-third of the debt, to-wit, one thousand dollars, and the jury evidently found that, under the contract, the defendant was entitled to only one-third of the fee, to-wit, one hundred dollars. He had retained two hundred and twenty-five dollars leaving a balance due the plaintiff of one hundred and twenty-five dollars. This was the amount of the judgment.

The plaintiff's statement set forth what she claimed to be the original contract between her and the defendant in reference to the latter's employment and the amount of his compensation, and she alleged that by its terms the defendant was only entitled to retain the sum of fifty dollars for his services. It was then averred that the defendant had collected two hundred and twenty-five dollars from the insurance company, and that the plaintiff was entitled to a judgment for one

hundred and seventy-five dollars. The defendant's contention is that the plaintiff should be held to strict proof of the alleged contract, and that, if she fails in this, then the judgment must be for defendant. An instruction to that effect was asked, and we think was very properly refused. The action was to recover money belonging to plaintiff which had been received and improperly retained by the defendant, and the statement by plaintiff of the contract was a mere matter of inducement. The suit was not based on the contract.

The plaintiff obtained a judgment before the justice of the peace for one hundred and seventy-five dollars. She claimed in the circuit court that a proper notice of appeal had not been served, and she filed a motion for an affirmance on that ground. The court overruled the motion, and plaintiff contends that this action of the court ought to be reviewed by us. This question may be disposed of with the observation that the plaintiff is not an appellant, and is in no position to complain. If she felt aggrieved by the action of the court in overruling the motion to affirm, she ought to have taken a cross-appeal.

Finding no error in the record, we will affirm the judgment. All the judges concur.